FERGUSON et al. v. SMITH et ux.
(No. 7952.)

(Court of Civil Appeals of Texas. Dallas. Oct. 19, 1918. On Rehearing, Dec. 7, 1918.)

1. HOMESTEAD ⟺167—SEGREGATION OF PART —LOT ON WHICH HOUSE WAS BUILT.

Where husband and wife, having homestead on three lots, conveyed one lot to wife's sister

to have house built on it to rent, other part of lots being sufficient for homestead and occupied by husband and wife as such, lot on which house was built was segregated as part of homestead, and lost character, and mechanic's lien attached.

2. HOMESTEAD ☞177(2) — CONVEYANCE OF HOMESTEAD LOT—ERECTION OF HOUSE—ESTOPPEL.

Husband and wife, who conveyed lot, part of homestead, to wife's sister to have house for rental purposes built, constituted wife's sister their agent to act in executing lien agreement with builder, and in fixing liens against lot, and as against mechanic's lienor and successors are estopped to assert lot was their homestead.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by T. G. Smith and wife against Hugh W. Ferguson and others. From judgment for plaintiffs, defendants appeal. Reversed, and judgment rendered for defendants.

Cecil L. Simpson and Monta R. Ferguson, both of Dallas, for appellants.

Muse & Muse, of Dallas, for appellees.

RAINEY, C. J. The appellees brought this suit against appellants to remove cloud from title to a certain lot of land, to cancel a certain deed to said lot executed by them to Emma V. Price, now deceased, and to cancel a certain mechanic's lien and notes executed by said Emma Price. Appellees alleged that said lot was their homestead and that said deed was made for the purpose of authorizing the said Emma Price to improve same by building a two-story house and to be reconveyed to appellees.

Appellant W. F. Sterley answered that he was the duly qualified administrator of Emma Price, that she owned said lot and had expended about $4,000 in placing improvements thereon in good faith during her lifetime, in the payment for which the liens and notes sought to be canceled had been executed by her, and prays for judgment foreclosing lien. Sterley also filed a cross-action setting up that appellees were in possession of said premises and had been since the death of said Emma Price, and prayed for removal of cloud cast thereon by reason of said possession. He also asked that the Lingo Lumber Company be made a party, and alleged a valid execution of all the liens, bonds, notes, etc., sought to be canceled, alleging ownership thereon in himself for a valuable consideration paid in good faith and without notice of the claims of appellees. Sterley sued out a writ of sequestration, and appellees filed a replevy bond and retained possession.

The case was submitted on special issues, and upon the return of the answers of the jury thereto the court rendered judgment for appellees.

The evidence shows that appellees had a fee-simple title to the lot of land in controversy, the same being the separate estate of the wife. In October, 1912, the wife being desirous of building a house thereon, she, joined by her husband, executed a conveyance to the lot in controversy to Emma V. Price, her sister, with the understanding that the said Emma V. Price would procure the construction of a two-story dwelling thereon, and after the completion thereof she was to convey said lot back to her sister, Helen Smith.

In pursuance to said understanding, the said Emma Price, with the consent and knowledge of Helen Smith, contracted with one Hundley for the erection of said house on said lot for the sum of $4,015, and executed certain notes and liens to secure the payment of same. Hundley was informed of the understanding between Helen Smith and Emma Price about the object of conveying the property to Emma V. Price, and of her reconveying it to Helen Smith. This information was conveyed to Hugh W. Ferguson, who bought of Hundley the indebtedness, and Ferguson was the agent of Sterley for whom he purchased the obligations; hence there was no innocent purchaser in obtaining said obligation. Emma V. Price died soon thereafter and before she ever reconveyed the property to Helen Smith.

Appellants insist that under the evidence the court erred in not instructing the jury to find a verdict for them, in that the evidence clearly shows that the lot was subject to the mechanics' lien.

[1] The first proposition submitted by appellants is:

"The land in question was not a part of appellees' homestead at the time the liens which are sought to be canceled were executed; that is, if when appellees executed and delivered the deed to the lot in controversy to Emma V. Price for the purpose of having the said Emma V. Price borrow money thereon with which to erect a house and improvements thereon, to be rented out, and said purpose was carried out and there remains out of appellees' whole tract of land an adequate homestead for appellees, then the lot so conveyed was by said acts of appellees segregated from their original homestead, and their homestead rights therein were abandoned; and said abandonment and segregation date from the execution and delivery of said deed to Emma V. Price."

When the conveyance to Emma V. Price was made by appellees for the purpose of having improvements made, appellees had their homestead on lots 1, 2, 3, block 43. The lot in controversy is a part of 1, 2, 3, block 43. The object of having said house built on said lot was for the purpose of renting it, the other part of the lots being sufficient for homestead purposes and occupied by appellees as such. After its completion it was rented for a while, and appellees on or about June, 1915, occupied it as a home.

By the acts of appellees said lot was segregated as part of the homestead, and it lost its character as a homestead, and said mechanic's lien attached to said lot and it be-

came subject to the payment of appellants' claim. Town Co. v. Griggs, 93 Tex. 451, 56 S. W. 49; O'Brien v. Woeltz, 94 Tex. 148, 59 S. W. 535, 58 S. W. 943, 86 Am. St. Rep. 829; Wurzbach v. Menger, 27 Tex. Civ. App. 290, 65 S. W. 679; Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110.

[2] Another proposition under said assignment which we think ought to be sustained is No. (9), which is as follows:

"That in executing and delivering their deed dated September 30, 1912, to the land and premises in litigation to Emma V. Price, now deceased, and in agreeing to and permitting and directing the improvements provided for in the mechanic's lien contract with J. Bunyan Hundley, dated October 20, 1913, to be erected on said land and premises, and accepting, using, and enjoying said improvements, that plaintiffs thereby constituted the said Emma V. Price their agent and attorney in fact with full authority under the law to act for them in executing the mechanic's lien agreement and in fixing the liens against said land and premises held by the defendant, and are now estopped from canceling said liens as against defendants."

The conveyance by appellees to Emma V. Price was made for the purpose of improving the lot in controversy that it might be rented. This purpose could have been accomplished by the appellees without resorting to the conveyance to Emma V. Price. They, however, saw proper to resort to the conveyance, and by it the authority was given to Emma Price to construct a house and thereby create a mechanic's lien for the payment of the indebtedness so created. Appellees at the time were acting in good faith. Parties furnished money for the improvements, believing they were secure in so doing, and appellees are now estopped from asserting that same was their homestead.

We see no difference in so giving a deed for the purpose of making the improvements than in making a straight power of attorney for the accomplishment of the same purpose. In conveying the lot to Emma V. Price, the very object the appellees had in view was carried out, the house having been built and rented, but the parties furnishing the money have not been remunerated.

The judgment is therefore reversed, and judgment is here rendered foreclosing the mechanics' lien in favor of appellants.

### On Rehearing.

In rendering judgment in this case we erred in assessing against appellees and their sureties on their replevy bond the value of rents of the residence after it was replevied by them for which appellees were not liable. Said judgment is set aside in that respect, and judgment is reformed so as to eliminate that part of the judgment in relation to rents so assessed, and the judgment will be in all other respects as heretofore rendered.

The motion is granted in part and overruled in part.