**DOAK et ux. v. CASNER et al.**

No. 3462.

Court of Civil Appeals of Texas. El Paso.

Jan. 28, 1937.

Rehearing Denied Feb. 18, 1937.

Rutledge Isaacks and Isaacks & Lattner, all of El Paso, for appellants.

H. D. Stringer and Kemp, Nagle & Smith, all of El Paso, for appellees.

HIGGINS, Justice (after stating the facts as above).

Prior to February 27, 1929, when the Improvement Company delivered to Pickrell the deed for the block, nothing had been done by Doak to remove from the operation of the statute of frauds (Vernon's Ann.Civ.St. art. 3995) the previous oral contract for the sale of the land. The consideration had not been paid, possession by Doak had not been taken, no improvements upon the block had been made, nor other facts shown which would operate as a fraud upon Doak if the contract were

not enforced. Upon the date stated, Doak had no right or title to the land which he could enforce against the Improvement Company, the owner of the land. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216.

The contract for the improvement of the block was made January 24th. If, at that time, Doak had so far performed his contract as to entitle him to compel specific performance against the Improvement Company, it might be conceded his homestead right attached, and the lien here asserted, which had its origin in said contract and its supplement of February 27th, unenforceable. Smith v. Chenault, 48 Tex. 455. But on said dates Doak had no title to the block or right to compel the Improvement Company to convey the same, and, as Justice Moore remarked in the case last cited, "Certainly, a man cannot acquire a homestead right to land that he does not own."

It follows that title to the block passed from the Improvement Company to Pickrell on February 27th.

We are of the opinion Pickrell acquired the title in trust for Doak, but Doak had no right to demand conveyance of the block by such trustee, except upon compliance with the terms of the trust agreement. The note and lien sued upon were given in pursuance of such agreement. To hold the lien invalid and unenforceable would be self-destructive of the very agreement under which Doak acquired title. The ruling of Judge Brown in West End Town Company v. Grigg, 93 Tex. 451, 56 S.W. 49, supports the view that Doak and wife had no antecedent superior homestead right in the block which would defeat the lien.

The various cases cited by appellants have been examined. They will not be here reviewed. They arise upon altogether different facts. Title to the block passed from Pickrell to Doak by the former's deed of June 14th. The note sued upon is a part of the agreed purchase price, and the lien securing its payment valid. The title passed burdened with the lien. The rulings upon analogous facts uniformly support this conclusion. Berry v. Boggess, 62 Tex. 239; Page v. Vaughan (Tex.Civ.App.) 173 S.W. 541; Walsh v. Ford, 27 Tex.Civ.App. 573, 66 S.W. 854; Jones v. Male, 26 Tex.Civ. App. 181, 62 S.W. 827; Ferguson v. Walter Connally & Co., 33 Tex.Civ.App. 245, 76 S.W. 609; McCarty v. Brackenridge, 1 Tex.Civ.App. 170, 20 S.W. 997; Bayless v. Standard S. & L. Ass'n, 39 Tex.Civ.App. 353, 87 S.W. 872; Wood v. Smith (Tex. Civ.App.) 165 S.W. 471; Skinner v. Home Building & Loan Ass'n (Tex.Civ.App.) 292 S.W. 913; Benavides v. Houston Ice & Brewing Ass'n (Tex.Civ.App.) 224 S.W. 385; Becker v. Maillot (Tex.Civ.App.) 19 S.W.(2d) 919; Smith v. Clark (Tex.Civ. App.) 266 S.W. 518; Adcock v. National Loan & Investment Co. (Tex.Civ.App.) 96 S.W.(2d) 530.

Affirmed.

NEALON, C. J., did not participate in the decision of this case.