George W. ROSS, Appellant,

v.

Lon W. STINNETT, Appellee.

No. 925.

Court of Civil Appeals of Texas, Tyler.

July 22, 1976.

Mike Hatchell, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, for appellant.

Glen M. Ashworth, Fields, Fields & Hardee, Athens, for appellee.

McKAY, Justice.

Lon W. Stinnett, appellee, filed suit against George W. Ross, appellant, to recover $3,065.35 as the unpaid balance allegedly due on a contract to build a house. Appellee was the building contractor and appellant was the homeowner.

In the early part of 1973, appellant decided to build a new home on a lot he owned on Cedar Creek Lake. Appellant began oral negotiations with appellee for construction of the house in February of 1973. The parties agreed that certain plans and specifications would be followed in constructing the house subject to change at the option of appellant.

On July 18, 1973, the parties executed a mechanic's and materialmen's lien contract. Insofar as pertinent, the lien contract provides:

"WHEREAS, the parties of the first part (appellant) are desirous of building, erecting and constructing certain improvements, to-wit:

"Being the construction of a one story brick residence; 3 bedrooms, 2 baths, concrete slab foundation, three ply slab coated roof, tile floors, paneling in living and dining area, central heat and air, dishwasher, vent-a-hood, range-oven, wash/dry connections, 1 wood burning fireplace, concrete patio, drive and porch.

"to be built, erected and constructed by the party of the second part (appellee) upon the following described tract, lot or parcel of land belonging to said parties of the first part . . .

(property description)

"NOW, THEREFORE, in consideration that the party of the second part has agreed and does by these presents agree with the parties of the first part, that party of the second part will make, erect, build and finish in a good, substantial and workmanlike manner, by the 18th day of December, 1973, the said above mentioned improvements on the above described premises, performing or causing to be performed all of the labor in the erection and construction of the same, and furnishing all of the material of whatsoever kind necessary to be used in the erection and construction of the same, and paying all expenses incident to the said labor and furnishing of material; the said improvements to be build of good, substantial material and to be erected and constructed strictly according to the plans and specifications signed by the parties hereto for identification and made a part hereof, the parties of the first part hereby agree to pay to the party of the second part at Malakoff, Texas, the sum of Twenty Four thousand five hundred and No./100—Dollars, as follows:

"By the delivery of one certain Mechanic's Lien note in the principal sum of $24,500.00 bearing interest from date at the rate of 8½ per cent per annum, of even date herewith, executed by George W. Ross to L. W. Stinnett, or order, both principal and interest being due and payable on or before the 18th day of December, 1973 . . ."

Construction began and the house was eventually completed. At the request of appellant, some changes in the plans and specifications had been made during the course of construction. After the house was completed conflict arose between the parties concerning the amount owed by appellant to appellee. Appellee asserted that appellant had orally agreed, prior to the execution of the written mechanic's and materialmen's lien contract, to pay cost plus fifteen per cent to have the house built. Appellant, however, insisted that the mechanic's and materialmen's lien contract which specified a consideration of $24,500.00 was the binding agreement of the parties. On October 11, 1973, following the advice of counsel, appellant closed the transaction with the title company and paid the promissory note for $24,500.00 as provided in the mechanic's and materialmen's lien contract. Appellant refused to pay the additional sum of $3,065.35 which appellee contends was owing under the alleged oral cost plus fifteen per cent contract.

Appellee then filed suit against appellant on the alleged prior oral contract. In the alternative, appellant also plead in quantum meruit. Only two issues were submitted to the jury, and they were answered favorably for the appellee. In answer to issue one, the jury found that appellant agreed to pay appellee the cost of construction plus fifteen per cent for construction of the home. In issue two, the jury found that the cost of constructing appellant's house was $23,969.88. There were no issues requested on quantum meruit.

The court rendered judgment for appellee for $3,065.35 which sum represents the cost of construction plus fifteen per cent less $24,500.00 already paid by appellant on the promissory note.

Appellant brings three points of error each of which concern the trial court's admission of parol evidence as to the alleged oral contract providing for cost plus fifteen per cent. Appellant asserts that the parol evidence rule bars admission of evidence pertaining to the oral contract because such evidence contradicts the express terms of the subsequently written mechanic's and materialmen's lien contract providing for a consideration of $24,500.00. In points two and three, appellant argues that since evidence of the oral contract was inadmissible under the parol evidence rule, there is no evidence to support the jury's answer to issue one and the evidence is factually insufficient to support the jury's answer to issue one. Since each of appellant's points are based on an alleged violation of the parol evidence rule, they will be treated together.

■ The parol evidence rule is to the effect that in the absence of fraud, accident or mistake, parol or extrinsic evidence is not admissible to contradict or vary the terms or a written instrument. *Jackson v. Hernandez*, 155 Tex. 249, 285 S.W.2d 184 (1955). Moreover, the parol evidence rule is not a rule of evidence at all, but a rule of substantive law. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30 (1958). Evidence admitted in violation of the rule is incompetent and without probative force, and it cannot properly be given legal effect. *Miami Petroleum Company v. Neal*, 333 S.W.2d 876 (Tex.Civ.App.—El Paso 1960, writ ref'd, n. r. e.); *Borden v. Hall*, 255 S.W.2d 920 (Tex.Civ.App.—Beaumont, 1951, no writ).

■ Appellee did not plead fraud, accident or mistake in the trial court and has not made such a contention on appeal. Rather, appellee relies upon the rule announced in *Bell v. Mulkey*, 7 S.W.2d 115 (Tex.Civ.App.—Amarillo) aff'd, 16 S.W.2d 287 (Tex.Com.App.1929). In *Bell v. Mulkey*, supra, the court said, "The (parol evidence) rule 'can be applied only when a written agreement is proved to exist between the parties, and consequently parol evidence is admissible to show that a writing, although purporting on its face to be a contract, was not in fact intended by the parties to be such.'" In this connection, appellee argues that the written instrument was never intended to be the binding agreement between the parties, and was signed only as a sham and matter of form to enable the appellant to secure a loan. Ap-

pellee contends that the oral cost plus fifteen per cent contract was the true agreement of the parties regarding construction of the house.

We do not agree with appellee's contention. In our opinion, evidence of the alleged oral agreement to construct the house on a cost plus fifteen per cent basis contradicts the subsequently written mechanic's and materialmen's lien contract providing for a consideration of $24,500.00. Appellee's reliance upon the rule stated in *Bell v. Mulkey* is misplaced. *Bell v. Mulkey*, supra, was discussed in *Trout v. Wichita State Bank & Trust Co.*, 23 S.W.2d 871 (Tex.Civ. App.—Fort Worth, 1929, no writ), a case similar to the one at bar. In the *Trout* case, the contractor and the homeowner had a written mechanic's and materialmen's lien contract almost identical to the one here in question, but providing for a consideration of $15,000.00. The contractor sought to prove that the real contract between the parties was an oral cost plus ten per cent agreement. The contractor argued that the written mechanic's and materialmen's lien contract was merely a sham executed to obtain credit and cited *Bell v. Mulkey*, supra. The homeowner contended that admission of evidence of the oral agreement violated the parol evidence rule. In *Trout*, the court stated that the rule announced in *Bell v. Mulkey*, supra, applies "only when the written contract sought to be avoided by parol proof of a prior agreement at variance therewith is *a sham in its entirety*, and not merely that some of its terms are not in accord with the prior parol agreement, while the validity of other material parts of the agreement are not challenged." (Emphasis added.) The court then went on to hold that parol evidence of the oral agreement violated the parol evidence rule since the mechanic's and materialmen's lien contract was not a sham in its entirety.

Appellee does not challenge the validity of the entire mechanic's and materialmen's lien contract. Appellee argues that the written contract is a sham only insofar as it concerns consideration for construction of the house. That being the posi-

tion of appellee, we believe and hold that evidence of the alleged prior oral agreement was inadmissible under the parol evidence rule. Furthermore, in the case of a valid written contract, such as the written mechanic's and materialmen's lien contract involved here, all prior negotiations that the parties may have had, previous to the execution of the contract, must be considered as either waived or as merged into the written contract. In the absence of allegations of fraud, accident or mistake, it will be conclusively presumed that the written contract contained the whole agreement of the parties, and parol evidence of representations, statements or warranties not disclosed by the contract was inadmissible. *Distributors Inv. Co. v. Patton*, 130 Tex. 449, 110 S.W.2d 47 (Tex.Com.App.1937, opinion adopted).

Appellee also asserts that the written contract was incomplete because it would have been impossible to build the house using only the plans and specifications contained in the writing. Appellee maintains that a cost plus fifteen per cent agreement would be more consistent with the option appellant had to make changes and alterations in the basic plans for construction. In our opinion, however, the writing is a complete statement on the subject of consideration. Where a document embodies part of the dealings between the parties and is silent or only lightly touches on other elements of the same transaction, only such extrinsic evidence as varies or adds to the terms of the particular phase covered by the writing is to be excluded. 2 McCormick & Ray, Texas Evidence, Sec. 1611 (2d ed. 1956).

We are aware of the general rule that extrinsic evidence is admissible to show the real consideration for a written agreement. 23 Tex.Jur.2d Evidence sec. 368 (1961). This rule, however, is subject to the qualification that the consideration proved must not be inconsistent with that expressed in the writing. 23 Tex.Jur.2d Evidence sec. 370 (1961). Additionally, where the consideration recited in a written instrument is promissory or contractual in

nature and there are no allegations of fraud, accident, or mistake, extrinsic evidence is ordinarily not admissible to vary or contradict the recited consideration. *Jackson v. Hernandez,* supra; 23 Tex.Jur.2d Evidence sec. 371 (1961).

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.