JAMES JOHNSTON ET AL. V. M. A. MARTIN, EXECUTRIX.

No. 7013.

1. **Homestead—Opinion of Witness.**—In a contention wherein homestead rights were asserted to defeat a mortgage upon the land sought to be subjected to foreclosure the opinion of the party claiming the homestead right that he had no other homestead was properly excluded, he having testified to the facts.

2. **Same—Immaterial Testimony.**—It appearing that the defendant, claiming homestead rights in the mortgaged property, at the time he executed the mortgage had and occupied an urban homestead upon a lot held for a term of years, the exclusion of testimony to the intent for which the land had been bought, that improvements had been made thereon with reference to future use as a residence, is no ground for complaint, because the testimony was immaterial.

3. **Homestead upon Land held for a Term of Years.**—That a family occupied a house and lot in a town or city under a lease for five years, about half the term unexpired, residing thereon as a home precludes the assertion of homestead rights in rural property never their residence.

APPEAL from Brown. Tried below before Hon. J. W. Timmons. The opinion states the case.

*Harrell & Wilkinson,* for appellants.—1. The court erred in ruling out the testimony "that the defendant had no homestead at the time he executed the deed of trust in controversy except the tract of land upon which said deed of trust was given," because if defendant had no

homestead at the time other than said tract of land, that fact would have tended to show, when considered in connection with other testimony adduced by the defendant on the trial of said cause, that the homestead character had attached to said tract of land at the time that said deed of trust was executed by the defendant. Stone v. Darnell, 20 Texas, 11; Barnes v. White, 53 Texas, 631; Gardner v. Douglass, 64 Texas, 78, 79.

2. The real issue to be adjudicated upon the trial of the case being whether or not the tract of land in controversy was the homestead of appellants at the time of the execution and delivery of the deed of trust sued on, and it having been shown that the appellant James Johnston was the head of a family at that time, appellants should have been permitted to show that said tract of land was purchased and acquired by the appellant James Johnston for the purpose of a home for himself and his family and for no other purpose, notwithstanding the fact that said tract of land was so purchased and acquired by him before he became such head of a family. Horton v. Reynolds, 8 Texas, 288; Ruhl v. Kauffman & Runge, 65 Texas, 733; Gardner v. Douglass, 64 Texas, 79; 1 Greenl. Ev., sec. 53.

3. A tract of land never becomes a homestead until it has been in some way selected or designated as a homestead by the head of the family, and this selection or designation is in one sense a matter of intention or motive; and it is submitted that appellants should have been allowed to testify not only as to their intention in the matter of selecting and designating the tract of land in controversy as their homestead, but as to what was done by them in regard to that matter. Hamburg v. Wood & Co., 66 Texas, 176; Sweeney v. Conley, 71 Texas, 543; Brown v. Lessing, 70 Texas, 544; 2 Ct. App. C. C., sec. 451; 1 Whart. Ev., secs. 482, 508; 2 Whart. Ev., sec. 955.

4. Although a witness should not be permitted to testify as to the intention of another party, he may testify as to his own intention; and it is submitted that appellants should have been permitted to testify that it was their intention, at the time of the execution and delivery of the deed of trust sued on, to use and occupy the tract of land in controversy as their homestead.

5. The court erred in rendering judgment subjecting the tract of land in controversy to the payment of the note and deed of trust sued on, because the evidence adduced on the trial of said cause clearly showed that said tract of land was, in contemplation of law, the homestead of defendants at the time of the execution and delivery of said deed of trust. Franklin v. Coffee, 18 Texas, 413; Stone v. Darnell, 20 Texas, 11; Barnes v. White, 53 Texas, 628; Brooks v. Chatham, 57 Texas, 31; Swope v. Stantzenberger, 59 Texas, 389; Gardner v. Douglass, 64 Texas, 76; Archibald v. Jacobs and Wife, 69 Texas, 251.

*Goodwin & Cleveland,* for appellee. —1. At most the evidence only shows that defendants contemplated at some indefinite future time making the land in question their homestead.    Archibald v. Jacobs and Wife, 69 Texas, 251; Brooks v. Chatham, 57 Texas, 31; Dawley v. Ayres, 23 Cal., 108; Thomp. on Homesteads, sec. 268.

2.    Defendant and intervenor could not at the same time have both an urban and a rural homestead, nor could their mere intention at some indefinite future time to acquire a rural homestead operate as an abandonment of the urban homestead actually occupied and used.    The abandonment of the old homestead must be complete before the new can be impressed with the homestead character, and we submit that under the evidence in this case the place of business of defendant was his homestead at the time the deed of trust was given and protected from forced sale by the Constitution and laws of our State. . Archibald v. Jacobs, 69 Texas, 251; Dawley v. Ayres, 23 Cal., 108; Thomp. on Homestead, sec. 268; Swearingen & Garrett v. Bassett, 65 Texas, 267; Iken & Co. v. Olenick, 42 Texas, 195.

3.    The purchase of land and the improvement thereof with the intention of making it a home at some future time does not necessarily impress upon it the homestead character, and especially when these preparatory acts are not followed up by construction of the dwelling and actual occupancy within a reasonable time.    Archibald v. Jacobs, 69 Texas, 251; Brooks v. Chatham, 57 Texas, 31; Gardner v. Douglass, 64 Texas, 76; Fort v. Powell, 59 Texas, 321.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellee to recover the amount of a promissory note and to foreclose a deed of trust made by appellants to secure it.    The appellants pleaded that the land conveyed by the deed of trust was their homestead.    The cause was tried by the court without a jury, and the following findings of fact were filed by the judge:

"At the time of the execution of said note and deed of trust defendant did not occupy the land in controversy, but at said time he and his wife occupied a house in the town of Brownwood, which said house belonged to defendant and was used by him as a place of business as well as a residence; and further, that said house was situated on land which was leased by defendant for a term of five years, of which two and one-half years had expired.    At the time of the execution of said note defendant had inclosed the land in controversy and had built thereon a fish pond, or water tank, and had put fish therein.    He had also cleared away a spot of land upon which to build a house and had placed thereon certain stones for a foundation thereof.    He had also expressed an intention of making said land a home for himself and family.    No other steps were taken by the defendant toward making said land his home until more than one year after the execution of said note.    He then

planted some trees on said land, and about five months thereafter he built a house which he has since used as a home for himself and family."

The court concluded that at the time of the execution of the deed of trust the land was not entitled to exemption as a homestead, and gave judgment accordingly.

The defendant proposed to testify that at the date of the execution of the deed of trust he owned no homestead except the land in controversy. The evidence was objected to and excluded. The witness had been permitted to testify to the facts. The excluded testimony was merely his own conclusion, which it would have been error to admit. The defendant also proposed to testify that the land was purchased by him "for the purpose alone of a home for himself and his family," and that prior to the execution of the deed of trust he and his wife went upon the land "and mutually designated and set apart said tract of land as their homestead by examining the same and by agreeing between themselves that the same should become their future homestead," and that "it was their intention at the time of the execution and delivery of the said deed of trust to make a homestead out of the tract of land upon which it was given."

To whatever extent the excluded evidence was not liable to the objection that it was a statement of a conclusion of the witness instead of the facts upon which such conclusion was predicated, it must be held to have been properly rejected because it was immaterial.

The facts found by the court that the defendant owned a house situated in a town and upon land which he held a lease for, in which he resided and conducted his business, precluded his acquisition of a homestead in the country by the performance of the acts and with the intention claimed by him to have existed. We think that if all of the acts with regard to the land in controversy, as well as the purpose or intention of the defendant with regard to making it his future place of residence, be admitted, it still must be held that the house that he was occupying in town was beyond controversy exempt as a homestead. He could not have two exemptions at the same time. It is not necessary for us to hold, and we do not now decide, that if he had owned no homestead in town the proof was not sufficient in other respects to attach the exemption claimed to the land in controversy.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered May 8, 1891.