JOHN O'BRIEN v. IDA WOELTZ.

No. 945. Decided November 8, 1900.

1. **Homestead—Abandonment of Part—Mortgage.**

The husband and wife may abandon a part of the residence homestead as they might the whole, and by similar acts; and the setting it apart as a business house may constitute such abandonment of it for residence purposes. (Pp. 152, 153.)

2. **Same.**

Having a business homestead on block 4 and a residence homestead on block 14, the husband and wife mortgaged the south half of the latter,—fenced off from the residence and having on it a cellar for a projected business house,—for money to erect such business house, into which the husband, on its completion, transferred his business from block 4. Held, that this was an abandonment of such south half as a residence homestead, and the mortgage was valid. (Pp. 151-154.)

**3. Homestead—Mortgage Concurrent with Designation.**

A mortgage for money to erect a building to be used as a homestead is not void because its execution, constituting one of the acts by which the property was set apart for the new use, was concurrent with the designation of °the homestead. (Pp. 153, 154.)

**4. Homestead—Designation by Preparation to Use Other Actual Homestead.**

While occupying a piece of property as his homestead, a man can not, by intention to use another in the future, establish a homestead right in such other place. (P. 154.)

ON REHEARING.

**5. Practice in Supreme Court.**

On reversing the judgment of the Court of Civil Appeals and approving that of the trial court, the latter judgment was here corrected in accordance with agreement of parties, and rendered accordingly. (Pp. 154, 155.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Mrs. Woeltz sued for divorce and division of property, making O'Brien, a mortgagee thereof, a defendant. She prosecuted error from a judgment holding his mortgage valid and foreclosing it, and had judgment reversed and rendered. O'Brien obtained writ of error from the Supreme Court.

*Geo. C. Altgelt,* for plaintiff in error.—The plaintiff, Ida Woeltz, as the wife of defendant August Woeltz, has no sufficient interest in the business homestead of defendant August Woeltz to maintain a suit for the cancellation of a deed of trust upon such business homestead, when the evidence shows that she has another and adequate family homestead entirely separate and apart from such business homestead.

The Court of Civil Appeals erred in canceling the deed of trust upon lot No. 7 in block No. 30, because at the time of said deed of trust said lot was no part of the family homestead, and could not have been a part of the business homestead, because the evidence shows that plaintiff and defendant had another business homestead in block No. 4. Sanger v. Hicks Co., 56 S. W. Rep., 775.

The Court of Civil Appeals erred in canceling the deed of trust upon the south half of lot No. 14, block No. 30, because the evidence shows that said half of lot No. 14, at the time of the execution of the deed of trust in favor of this applicant, was neither the business homestead nor the family homestead of August Woeltz and his wife, nor any part of either, but was being used as a camp yard for campers only, and has been segregated from the family homestead of August Woeltz with the consent of defendant in error, Ida Woeltz. Wynne v. Hudson, 66 Texas, 1.

The Court of Civil Appeals erred in canceling the deed of trust upon lot No. 2 in block No. 4, because the evidence established that three years after its abandonment as a business homestead and after the establishment of a business homestead upon part of lot No. 14, August Woeltz and wife renewed and confirmed the deed of trust.

The District Court erred in overruling the first special exception of defendant to plaintiff's original petition, because this defendant was therein improperly joined as a defendant with his codefendant August Woeltz.

The District Court erred in overruling the second special exception of defendant to plaintiff's original petition, because the same is multifarious and contains a misjoinder of parties defendant, and a misjoinder of causes of action, to wit, a suit of divorce against defendant Woeltz and for the partition of community property, and a suit against defendant O'Brien for the cancellation of a deed of trust in his favor and against his trustee, J. A. Daugherty. 1 Story's Eq. Pl., secs. 271, 272, 278; 1 Beach, Mod. Eq. Prac., secs. 115, 116, 117, 121, 122, 129; 15 Am. and Eng. Enc. of Law, 947, title "Multifarious."

The Court of Civil Appeals erred in not dismissing plaintiff's suit because the District Court was without jurisdiction to entertain said suit, for this, that it is not alleged that plaintiff, at the time of the institution of her suit, was a bona fide inhabitant of the State of Texas. Rev. Stats., art. 2978; Anderson's Law Dic., "Inhabitant;" Haymond v. Haymond, 74 Texas, 418.

*C. H. McGinnis* and *J. A. Buckler*, for defendant in error.—The said part of lot 2, block 4, being used, at the time the deed of trust was given, by Woeltz and his wife, as a homestead, and the deed of trust thereon being void, it did not become valid as a lien by reason of the subsequent abandonment of that part of the lot as a business homestead, as "what can not ever be valid is always void." Const., art. 16, sec. 50; Inge v. Cain, 65 Texas, 75; Madden v. Madden, 79 Texas, 595; Willis v. Mike, 76 Texas, 84; Duke v. Reed, 64 Texas, 705; Hays v. Hays, 66 Texas, 606; Caywood v. Henderson, 44 S. W. Rep., 927; Marks v. Bell, 31 S. W. Rep., 701; Lumpkin v. Nicholson, 30 S. W. Rep., 568.

Lots 13 and 14 in block 30 being used as a part of the residence homestead, the residence being upon the north half of lot 14, and all of said lots used as a part of the homestead, it was not competent for the husband and wife to cut lot 14 in two, and restrict the homestead to the north half thereof, and incumber the south half by a deed of trust for borrowing money. The part of a homestead in actual use can not be restricted by mere designation. Medlenka v. Downing, 59 Texas, 40; Stringer v. Swenson, 63 Texas, 13; Land Co. v. Blalock, 76 Texas, 89. When a homestead is on a single lot the whole is exempt. Hancock v. Morgan, 17 Texas, 582. Where it is on a single lot the whole is exempt unless it be shown that the unused part has been put to some other use than connected with the business in which the head of the family is engaged. Lavell v. Lapowski, 85 Texas, 168. It is immaterial that part of a lot is separated from the other part by a fence. Anderson v. Sessions, 51 S. W. Rep., 876; Shook v. Shook, 50 S. W. Rep., 731.

The south half of lot 14 was not subject to be incumbered by this

deed of trust, because, if not exempt as a part of the residence homestead, it was exempt as a business homestead.

The deed of trust did not create a lien on the south half of lot 14 by reason of the fact that the money was expended in the erection of the brick house thereon, as the same was not a mechanic's lien either statutory or contractual. Const., art. 16, sec. 50; Lippencott v. York, 86 Texas, 277; Martin v. Roberts, 57 Texas, 566; Taylor v. Huck, 65 Texas, 240; Claes v. Loan Association, 83 Texas, 50; Mundine v. Berwin, 62 Texas, 341; Bosley v. Pease, 86 Texas, 293; Lignoski v. Crooker, 86 Texas, 324; Loan Co. v. Edwards, 34 S. W. Rep., 192; Loan Co. v. Paschall, 34 S. W. Rep., 1001; Loan Co. v. Everheart, 44 S. W. Rep., 886.

BROWN, Associate Justice.—Ida Woeltz sued her husband, August Woeltz, for a divorce and for a partition of the community property, making John O'Brien a defendant, alleging that he had a mortgage upon the greater part of the property, and that the mortgage was executed when the property hereafter mentioned was a part of the homestead of Woeltz and his wife. Mrs. Woeltz prayed that the mortgage be canceled and that the property constituting the homestead, as well as other property, be partitioned between herself and her husband. There were a number of lots involved in the suit, but the controversy is narrowed down to the south half of lot 14 in block 30, and lot number 2 in block 4, in the city of San Antonio. We shall therefore only state the facts which are necessary to determine the rights of the parties as to these lots.

In 1893, August Woeltz, with his wife and children, resided upon the north half of lot No. 14 in block 30, and carried on a saloon and grocery business in a house on lot No. 2 in block 4. He owned both pieces of property at the time. The residence of the family was upon the north half of lot No. 14. Through the middle of that lot there was a fence built about six feet high, and on the south side of the fence a stable or stalls for horses was constructed, making the fence a part of it. The horses used in the business of Woeltz and for his family were fed and kept in this stable and the lot was used for the horses when they were turned loose, and sometimes persons who came to trade with Woeltz in his grocery and saloon business camped in the inclosure. On August 16, 1893, August Woeltz and his wife, Ida Woeltz, to secure the payment of a $6000 note to John O'Brien, executed a deed of trust upon the south half of lot 14 and upon lot 2 in block 4, as well as upon other property. Woeltz borrowed $6000 from O'Brien and expended the money in building a two-story brick house upon the south half of lot 14. As soon as the house was completed, Woeltz moved his business out of the house on lot 2 in block 4 into the new storehouse and has continued there since, renting out the house in which he formerly carried on business. Prior to the time that Woeltz negotiated with O'Brien for the money, he and his wife determined to build a

house upon the south part of lot 14 and had a cellar for the foundation of the house dug out at that place. Mrs. Woeltz testified as follows: "When we borrowed this money from Mr. O'Brien, I was satisfied that this property should be taken off from the homestead and mortgaged; Mr. Woeltz did this with my consent; and the north half of the lot with the house on it was reserved as our homestead. I did not want the homestead mortgaged. It has sufficient room for our family; has six rooms and there is ground enough, but there is not much back yard; not very much, but enough for comfortable use, and I was satisfied to have the homestead contracted that way. It left us a residence with sufficient ground around it; at least yard enough to get along with." Also as follows: "I understand the mortgage. I understood when we were mortgaging the property that we were reserving only the house we were living in." Woeltz testified: "I gave Mr. O'Brien a deed of trust for all of my property except the north half of lot 14, block 30. That was left out as our homestead. It was our family residence. This half of the lot was fenced off when the money was taken because he said it had to be fenced up. * * * At the time I borrowed the money, I had nothing where the store now is. A cellar was dug before I borrowed the money."

The plaintiff in error claimed that at the time the deed of trust was executed the south half of lot 14 was not a part of the residence homestead, and that subsequently to the execution of the deed the business homestead upon lot No. 2 in block 4 had been abandoned, making both pieces of property liable to the deed of trust. The case was submitted to the judge without a jury and he gave judgment canceling the deed of trust as to lot No. 2 in block 4, and foreclosing it upon so much of the south half of lot 14 as is covered by the building. The Court of Civil Appeals reversed the judgment and rendered judgment canceling the deed of trust as to lot No. 2 in block 4, and also as to the south half of lot No. 14.

The case is presented to this court upon an assignment that the Court of Civil Appeals erred in canceling the deed of trust upon the south half of lot No. 14 in block 30.

It is not claimed that the husband attempted in any way to defraud the wife of her homestead right or that the deed of trust was made with a view of incumbering the homestead while it existed as such. Neither is it claimed that the homestead of the family was unduly contracted so as to render it inadequate; therefore the decisions of this court which involve those questions are wholly inapplicable to this case.

If Woeltz and wife had removed from lot 14 with the fixed intention to not return to it, the fact being clearly proved by their declarations or otherwise, this would constitute an abandonment of the homestead right. Woolfolk v. Rickets, 41 Texas, 362; Cline v. Upton, 56 Texas, 323. Why could they not, by the same acts, abandon a part of the lot?

The act of setting the land apart for a business house was an abandonment of it for residence purposes. Medlenka v. Downing, 59 Texas, 39.

In the case of Wynne v. Hudson, 66 Texas, 9, this court definitely held that the husband, without the consent and concurrence of the wife, might abandon a part of the homestead property as such and devote it to a use inconsistent with the residence homestead rights, and that by so doing the property would lose its character as homestead and its protection under the Constitution. In that case the wife was not consulted about the transaction, and the husband did not intend by his acts to abandon the property as a homestead or to give up the exemption which the Constitution secured to him, but had in view the use of it for purposes which were held by the court to be inconsistent with its use as a residence homestead, and therefore his acts, against his own will and consent and without the concurrence of his wife, worked a forfeiture of the homestead exemption to that portion of the property.

If the husband, without the consent of the wife, can cut off a part of the homestead occupied by the family and strip it of the constitutional exemption, then certainly the husband and wife, concurring in intention and acts, may accomplish the same thing. There is no question made in this case that Woeltz and his wife agreed that they would limit their residence homestead to the north half of lot 14 in block 30, in San Antonio, and that they would devote the south half of the said lot to occupancy by a business house to be constructed upon it. The intent to do this is testified to by both Woeltz and his wife, and they each testified that, in order to carry out this intent, there was dug upon the southeast corner of the south half of that lot a cellar, constituting the foundation for the house to be built, and so far their acts were consistent with their intent to separate that part of the property from the homestead. In furtherance of this purpose they contracted with John O'Brien to borrow from him the money with which to erect the business house upon the property and entered into an agreement that the money should be expended in the erection of that house, and to secure that end the money was deposited in the bank in San Antonio, to be paid out to the contractor. The execution of the deed which conveyed the land to J. A. Daugherty in trust had the effect to separate that part of the lot from the residence homestead and to devote it to use for a business house, consummating the purpose of Woeltz and wife.

In West End Town Company v. Grigg, 93 Texas, 457, it was held that the making of a contract for improving a lot to be thereafter the homestead of the parties designated that lot as their homestead from the date of the contract; but the instrument by which the designation was effected was not void because the homestead right attached concurrently with the making of that instrument. The same principle is involved in this case. The making of the deed of trust in pursuance of the intent and in conformity with the previous actions of the

parties was the final act by which that portion of the lot was separated from the homestead residence and devoted to use as a place of business, but the deed of trust is not void because it constituted one of the acts by which the property was set apart for the new use.

It is claimed that Woeltz intended to use the house when constructed as a place for his business, and that the intended use of it extended the homestead protection from the time it was segregated from the residence homestead to the time of its occupancy. If this be true, then Woeltz, by his actual occupancy of lot No. 2 in block 4, secured to himself a business homestead and exemption there, and, by intention, secured the exemption of the business homestead which he was thereafter to occupy on the south half of lot No. 14. Intention can not secure a homestead right without some act accompanying that intention which attaches to the property. While occupying a piece of property as his homestead, a man can not, by intention to use it in future, establish a homestead right in another place. From the time the property ceased to be a part of the residence homestead to the time of its actual occupancy by Woeltz as a place of business, it was without the protection of the Constitution. The deed of trust upon the south half of lot 14 in block 30 was valid, and the District Court properly foreclosed the lien.

Lot No. 2 in block 4 being the business homestead of Woeltz at the time the deed of trust was made, it was void as to that lot, and it did not become effective after the abandonment of that lot as a place of business.

The Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment canceling the deed of trust as to the south half of lot 14, block 30. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of trial court affirmed.*

ON MOTION FOR REHEARING.

Opinion Delivered December 6, 1900.

BROWN, Associate Justice.—Counsel for plaintiff and defendant in error have agreed upon a form of the judgment of the District Court, which, in punctuation and arrangement, so differs from the judgment as it appears in the transcript as to change its effect. Both motions for rehearing are granted. The judgment heretofore rendered in this cause is set aside and the judgments of the District Court and Court of Civil Appeals are reversed, and this court now enters such judgment as should have been entered by the District Court, as follows: It is ordered and decreed that the deed of trust executed by John Woeltz and Ida Woeltz to J. A. Daugherty, trustee, dated August 16, 1893, be and the same is hereby declared to be a valid lien upon

lots Nos. 7 and 8 in block No. 30, in the city of San Antonio, and also upon that portion of lots Nos. 13 and 14 in said block No. 30, which is covered by the business house erected upon the corner of Chevas Street and North Pecos Street with a front of 68 feet on Chevas Street and running back between parallel lines 60 feet. It is further ordered and decreed that the said deed of trust be and it is hereby declared to be invalid as to, and holding no lien upon, lots Nos. 12, 13, and 14 in block No. 30, in the said city of San Antonio, except the parts of lots Nos. 13 and 14 occupied by the business house, as above described, and it is also decreed that the said deed of trust be and the same is hereby declared invalid as to that part of lot No. 2 in block 4, occupied by Woeltz as a place of business at the date of the execution of the said deed of trust, which part of said lot is described as follows, to wit: Having a front of 20 varas on the east side of North Pecos Street and a depth between parallel lines of 60 varas, and bounded, south by Chevas Street, west by North Pecos Street, and being 20x60 varas off the south side of the said lot No. 2 in block No. 4, which block is bounded north by Hidalgo Street, south by Chevas Street, west by Pecos Street, and east by San Saba Street. It is ordered that as to all other matters, the said motions of each of the said parties, plaintiff and defendant in error, be and the same are hereby over-ruled.

*Corrected judgment rendered by agreement.*