## EVANS et ux. v. GALBRAITH–FOXWORTH LUMBER CO. et al.

### No. 3803.

Court of Civil Appeals of Texas. Amarillo.

May 25, 1932.

Rehearing Denied July 6, 1932.

See, also, 43 S.W.(2d) 481.

Works & Bassett, of Amarillo, Lackey & Lackey, of Stinnett, and Hoover, Hoover & Cussen, of Canadian, for plaintiffs in error.

Madden, Adkins, Pipkin & Keffer, Underwood, Johnson, Dooley & Simpson, and Slough & Gibson, all of Amarillo, and G. C. Harney and Jos. H. Aynesworth, both of Borger, for defendants in error.

MARTIN, J.

A full statement of this case is made on a former appeal, reported in (Tex. Civ. App.) 31 S.W.(2d) 496.

The pleadings are practically the same as on the former appeal, with the exception of a trial amendment, to which reference will be made later in this opinion. For convenience the parties will carry the same designation as in the trial court, of plaintiff and defendants. We deem it unnecessary to again make a statement further than to throw a background behind the law points hereafter discussed.

Plaintiff, Galbraith-Foxworth Lumber Company, filed suit against Henry Evans and wife, Adella Evans, and others not necessary to mention, alleging, in substance, that between November 30, 1926, and December 4, 1926, the plaintiff sold and delivered to defendant Henry Evans, upon oral contract, certain building material for the construction of a one-story brick and tile building to be erected upon lot 13 in block 36, town of Borger, Tex., and asking for a foreclosure of its materialman's lien against said property, making averments that properly showed the fixing of such lien under the statute, and alleging that its various items aggregated the sum of $2,157.65.

To this petition the defendant Mrs. Adella Evans filed answer, claiming the above property as her homestead, alleging, among other defenses, in substance that she and her husband never at any time occupied or maintained a home in Borger until they moved into and occupied the premises above described, and that at the time of the purchase of the materials aforesaid they had and maintained no home or permanent place of abode.

The answer of defendant Henry Evans was substantially the same.

To this the plaintiff answered by a supplemental petition that, at the time of the purchase of said materials, defendants were living and making their personal abode upon lot No. 3, block 29, town of Borger, Tex.

Supplemental answer was thereupon filed by Adella Evans specially denying that she ever had a homestead upon lot No. 3, block 29, and averring that her first and only homestead in Texas was upon said lot 13.

The Borger Townsite Company, on May 1, 1926, bargained, sold, and obligated itself to convey to Henry Evans all of said lot No. 3, block 29. Thereafter Evans and wife built a store building upon said lot, and the facts in evidence are sufficient to support the jury's finding that such property was at one time the homestead of defendants. It appears that all interest in this property was, in February, thereafter, assigned by defendants to the First National Bank of Amarillo, Tex. In the latter part of October, 1926, defendants purchased the lot in controversy with the claimed intention of making it a home, and almost immediately thereafter began preparations to carry into effect their intention by the purchase of material and the erection of a brick and tile building thereon.

The real issue in this case seemingly arose out of the dispute as to when the said lot 3 was abandoned as a homestead and another acquired upon lot 13.

The jury, in response to issues Nos. 1 and 2 submitted by the court, found that defendants had a residence homestead upon lot 3, block 29, and that they moved therefrom to the building on lot No. 13, block 36, with the intent and purpose upon their part to abandon their said residence homestead.

The answer of the jury to special issue No. 3, being here under vigorous attack, we quote literally the entire issue submitted, including the directory or explanatory charges of the court:

"Question Number 3.

"In the event you have answered question Number 2 that the defendants Evans and wife did move from and abandon the said lot number 3 as their homestead, then answer the following question:

"When did the said defendants so remove their home if any they had, from said lot number 3, in Block 29? Answer this question by stating the date, or in lieu of an exact date you may state the approximate date you find, in which event show in your answer that same is the approximate date."

"Supplemental Charge of the Court.

"In answering question No. 3, in the Court's main charge, you were instructed to state the date or in lieu of an exact date to state the approximate date you find, if the date you find is the approximate date to state that it is the approximate date. In your answer to this question you have stated a date, or that such date is the approximate date. You will retire and answer question Three by filling in the exact date or approximate date and if you find a definite date, give same, leaving off any reference as to approximate date, but if you are unable to fix a definite date, then in that event, and in that event only, state the approximate date, and state that it is the approximate date."

To which question the jury answered: "Approximately December 20, 1926."

■ The chief contention on this appeal is that the finding "Approximately December 20, 1926," as set out above, vitiates the verdict, rendering it so vague and indefinite as that it may not constitute the basis of a valid judgment herein. It will be noted above that this finding responded to the question asked by the court. The jury was expressly authorized to return a finding of an approximate date. To the form of the issue thus submitted and the explanatory charges in connection therewith, the defendants in the trial court filed no objection of the character now made; they appearing for the first time on appeal. It must have been obvious and known to both sides that the trial court, in submitting an approximate date, intended to use same as a basis for figuring the amount owing by defendants which was legally secured by a valid materialman's lien. After this finding he did, in fact, use this date, the judgment of foreclosure applying only to items sold prior to this time and a foreclosure being refused for the amount of all items sold and delivered after this date. The statute itself which requires objections to a charge to be made in the trial court would furnish a compelling reason for overruling the contention of defendants, but we are not without precedent for the announcement that an objection of the character here noted is not available for the first time on appeal. Northern Texas Traction Co. v. Armour & Co. (Tex. Civ. App.) 290 S. W. 544, 547; Ran v. City National Bank (Tex. Civ. App.) 272 S. W. 510, 514; Borden v. Pelipchyk (Tex. Civ. App.) 243 S. W. 1112.

■ It is claimed by plaintiff that the answer of the jury was no more indefinite and uncertain than the testimony of defendants, and that it merely followed and corresponded with such testimony. In view of the disposition already made of the question, it is unnecessary to pass upon this contention. The burden, unquestionably, was upon defendants to show when the claimed homestead character attached to the property in question. Keeping in mind that the right to two homesteads may not coexist and the acts showing an intention to abandon the old and acquire a new homestead were not shown in this case to have occurred on the same exact date, the difficulty that confronted the jury in naming a precise date is apparent. Without specifically passing upon this question, we make note of the illogical result that would flow from the announcement of a rule giving vic-

tory to a litigant having the burden of proof, whose testimony was so uncertain that a certain finding by the jury was impossible.

It is conceded by defendants in their brief that the evidence is sufficient, though conflicting, to sustain a finding that lot 3, block 29, was used and occupied by the defendants as a home. They, however, contend in this connection that: "No sufficient title or claim of title was made or being made by plaintiffs in error or either of them as to Lot 3, Block 29, at the time they acquired sufficient title and interest in Lot 13, Block 26, on or about October 28, 1926, as a basis for and to sustain their homestead claim thereon."

This is based, in part, upon their claim that, prior to the acquisition of lot 13, their interest in lot 3 had been theretofore transferred to H. E. Fuqua, or the First National Bank, for a debt. We regard the evidence as sufficient to raise an issue as to the date of this transfer, and we do not attach any importance to the question of the exact character of defendants' title to lot 3.

Much persuasive argument is made by counsel for defendants, but we regard practically all of it, not only as being answered by a quotation which we shall presently give, but also regard this authority as furnishing a controlling precedent for the action of the court in submitting the case as he did. From the case of Grimes v. Cline (Tex. Civ. App.) 300 S. W. 235, 236, we quote literally:

█ "That premises occupied by a family may be exempt to them as a homestead, whether such occupancy be by the family as owners of the fee or a less estate, or as lessees or renters for a fixed term or at the will of the owner. Wheatley v. Griffin, 60 Tex. 209; Williams v. Wethered, 37 Tex. 130; Cullers v. James 66 Tex. 494, 1 S. W. 314; Phillips v. Warner (Tex. App.) 16 S. W. 423; Anheuser-Busch Brewing Ass'n v. Smith (Tex. Civ. App.) 26 S. W. 94; Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784; Birdwell v. Burleson, 31 Tex. Civ. App. 31, 72 S. W. 446; Ellis v. Bingham (Tex. Civ. App.) 150 S. W. 602; First Nat. Bank v. Dismukes (Tex. Civ. App.) 241 S. W. 199; Cry v. [J.] I. W. Bass Hardware Co. (Tex. Civ. App.) 273 S. W. 347; Collett v. Brokaw (Tex. Civ. App.) 296 S. W. 333.

█ "That premises which have become homestead continue such as long as the family occupying them own same; or, if they are not the owners thereof, so long as they have a right to occupy same; or until they have moved from and abandoned the premises as a home. Archibald v. Jacobs, 69 Tex. 248, 6 S. W. 177; Johnston v. Martin, 81 Tex. 18, 16 S. W. 550; O'Brien v. Woeltz, 94 Tex. 148, 58 S. W. 943, 59 S. W. 535, 86 Am. St. Rep. 829; Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935; Teller v. Fitch (Tex. Civ. App.) 281 S. W. 893.

█ "That, once acquired, a homestead can be abandoned in no other way than by moving from the premises with the intent to abandon same as a home. Powers v. Palmer, 36 Tex. Civ. App. 212, 81 S. W. 817; Pierce v. Langston (Tex. Civ. App.) 193 S. W. 745; Sharp v. Johnston (Tex. Sup.) 19 S. W. 259; Bayless v. Guthrie (Tex. Com. App.) 235 S. W. 843; Staten v. Harris (Tex. Civ. App.) 239 S. W. 334; Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935.

█ "That a family cannot have more than one residence homestead at one and the same time. Johnston v. Martin, 81 Tex. 18, 16 S. W. 550; Pierce v. Langston (Tex. Civ. App.) 193 S. W. 745."

██ Plaintiffs filed a trial amendment, alleging that the allegation in its petition of the last date of delivery of materials, to wit, December 4, 1926, was a mistake and setting out subsequent dates running up to in January, 1927, on which material for the building in controversy was sold and delivered to defendants.

Defendants contend that the action of the court in permitting the filing of this amendment was error. The amendment did not change the substance of plaintiff's cause of action, and no injury is shown or claimed by defendants. It is too well settled to here require discussion that the trial court is vested with discretion in a matter of this kind, whose action will not be reviewed, in the absence of a showing of abuse of discretion. Vernon's Revised Civil Statutes, 1925, vol. 5, p. 169, for collation of authorities.

Finding no error in the record, the judgment is affirmed.