## NEECE v. KING et ux.

### No. 1507.

Court of Civil Appeals of Texas. Waco.

June 21, 1934.

Geppert, Geppert & Victery, of Teague, for appellant.

French & McCorkle and Williford & Williford, all of Fairfield, for appellees.

GALLAGHER, Chief Justice.

Appellant, John Neece, on October 19, 1931, sued appellee John T. King to recover on a promissory note executed to him by said King. Appellant, at the same time, sued out a writ of attachment and caused the same to be regularly levied on 36 acres of farming land in said county. Mrs. Hallie King, wife of said John T. King, intervened. She and her husband both alleged that said land, at the time of the levy of the writ of attachment, was their homestead and that such levy was therefore void.

The testimony showed that appellees were husband and wife and had been such continuously since prior to the original purchase of such property, which was about the year 1918. Said property was situated near the town of Kirven and near the residence of Mrs. King's father. Appellees lived in that neighborhood at the time of the purchase of said property. They both testified that it was their intent at that time to use and occupy the same as a home. There was no house or other improvement on said land necessary for its occupancy as a place of residence. Appellees' family consisted of themselves and one minor son. Appellee King thereafter secured employment in the city of Teague. On April 24, 1924, he purchased a house and lot in said city and immediately thereafter occupied the same as a residence for himself and family. He continued to reside upon the same until some time in January, 1932. Appellee King, on May 4, 1925, conveyed the land involved in this suit to John L. Green and surrendered possession thereof to him. Green, on October 8, 1928, reconveyed the property to King. After such reconveyance King ditched and terraced a part of the land and tried to exterminate Bermuda grass growing thereon. He and his wife again decided that they would some day improve the property and occupy it as a home. They decided, when

they built their dwelling house, that they would locate it near a certain tree. They tried to buy a house for the purpose of moving it onto said land but never found one that was suitable. The house and lot owned and occupied by them in Teague was incumbered with a vendor's lien. Some time in the early part of the year 1931, they notified the holder of such lien that they would reconvey the property to him in satisfaction of such incumbrance. They conveyed the property to him on October 24, 1931, five days after the levy of appellant's writ of attachment, but they continued to occupy the same until the following January, as hereinbefore stated. Appellees testified that they moved to Teague to give the son better school facilities than were afforded at Kirven, and that they always intended, when he completed the course of study in the Teague schools, to return to Kirven, improve the property in controversy, and occupy it as their permanent home.

The parties agreed in open court that the defendant John T. King was at the time of trial indebted to appellant on the note sued on in the sum of $2,619.87. Appellees' claim of homestead was submitted to the jury on special issues, which issues and the answers of the jury thereto were as follows:

"1. Was it the intention of the defendant John T. King and his wife, at and prior to the time of the levy of the writ of attachment, to make the 36 acres of land in controversy their homestead?" Answer: "Yes."

"2. Did the defendant John T. King and his wife, or either of them, prior to the levy of the writ of attachment in this case, make any declaration or perform any act manifesting an intention to make the 36 acres of land in controversy their homestead?" Answer: "Yes."

"3. If you have answered the last preceding special issue No. 2 in the affirmative, then you will answer the following issue: Have the defendant John T. King and his wife ever abandoned such intention at any time since the purchase of said land from Mr. John L. Green?" Answer: "No."

The court rendered judgment in favor of appellant against defendant John T. King for the sum of $2,619.87, and directed the issuance of execution for the collection thereof. The court further ordered that appellant take nothing by the levy of his writ of attachment on the land in controversy and that the cloud cast upon the title of appellees thereto be canceled and removed and that they recover from appellant all costs incurred in the attachment proceedings.

## Opinion.

Appellant presents a single assignment of error, in which he contends that the court erred in refusing his request for a peremptory instruction. The testimony above recited is uncontradicted, and shows conclusively that the house and lot in the city of Teague, owned and occupied by appellees as a home, and the only property owned by them after the sale of the land here involved to John L. Green in the year 1925, were at least from and after such sale impressed with the homestead character and constituted their lawful homestead. When a homestead has once been acquired, it can be abandoned in no other way than by moving therefrom with the intent to abandon the same as a home. Abandonment of an existing homestead in actual use is a condition precedent to the acquisition of another homestead, separate and apart from the former. Such abandonment cannot be accomplished by mere intention. There must be a discontinuance of the use of the former homestead, coupled with an intention not to again use it as such. Without such abandonment no right to establish a separate and distinct homestead on other property exists. Archibald v. Jacobs, 69 Tex. 248, 251, 6 S. W. 177; Johnston v. Martin, 81 Tex. 18, 20, 21, 16 S. W. 550; O'Brien v. Woeltz, 94 Tex. 148, 154, 58 S. W. 943, 59 S. W. 535, 86 Am. St. Rep. 829; Sharp v. Johnston (Tex. Sup.) 19 S. W. 259; Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935, 938, 939; Powers v. Palmer, 36 Tex. Civ. App. 212, 81 S. W. 817, 818 (writ refused); Allen v. Whitaker (Tex. Civ. App.) 27 S. W. 507, 508; Pierce v. Langston (Tex. Civ. App.) 193 S. W. 745, 747; Gibraltar Savings & Building Ass'n v. Harper (Tex. Civ. App.) 41 S.W.(2d) 130, 132 (writ refused); Bayless v. Guthrie (Tex. Com. App.) 235 S. W. 843, 845; Evans v. Galbraith-Foxworth Lumber Co. (Tex. Civ. App.) 51 S.W.(2d) 831, 833, and authorities there cited. Under the rule announced in the authorities above cited, appellees' declared purpose to reconvey the Teague homestead in satisfaction of the incumbrance thereon, so long as they remained in possession thereof and such purpose remained unexecuted, did not divest them of their homestead rights therein nor authorize them to acquire homestead rights in the land here involved by intending to occupy the same, whether accompanied by appropriate corroborative acts or not. The trial court

erred in refusing appellant's peremptory charge, and the issues submitted and the findings of the jury thereon were all immaterial.

■ When this court reverses the judgment of the court below, and there is no issue of fact to be determined and the case has been fully developed, it is its duty to render such judgment as the court below should have rendered. R. S. art. 1856. The conditions under which such authority may be properly exercised are stated by our Supreme Court in Stevens v. Masterson, 90 Tex. 417, 424, 39 S. W. 292, 295, 921, as follows: "Is the evidence in this case such as would authorize a district judge to instruct the jury to find for the plaintiff in the case? If it is, then the court of civil appeals might render judgment, instead of remanding the cause." The evidence shows conclusively that at the time appellant's writ of attachment was levied on the land involved, appellees owned and occupied a homestead in the city of Teague. Since the trial court should have instructed a verdict in favor of appellant on the issue of homestead rights asserted by appellees in the attached property, the judgment of the trial court on such issue is reversed, and judgment is here rendered foreclosing the lien acquired by such levy. The judgment of the trial court so far as the same awards appellant a recovery of his indebtedness against appellee John T. King is affirmed. Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935, 939.