### PANHANDLE CONST. CO. v. CONTINENTAL SOUTHLAND SAVINGS. & LOAN ASS'N et al.

#### No. 4816.

Court of Civil Appeals of Texas. Amarillo.

Nov. 8, 1937.

Rehearing Denied Dec. 6, 1937.

JACKSON, Chief Justice.

This is an appeal by the Panhandle Construction Company from a judgment entered against it in the district court of Lubbock county canceling its alleged paving lien against a lot, fully described, fronting 50 feet on the north side of Nineteenth street, situated in Lubbock, Tex. There were several defendants, who are not mentioned herein, since the Continental Southland Savings & Loan Association and J. B. Morrissett are the only defendants involved in this appeal, and no complaint is made of the disposition of the rights of the other parties by the judgment of the court.

The Continental Southland Savings & Loan Association, at and prior to the date of creation of the alleged paving lien, had a deed of trust against the property in controversy securing the payment of a valid debt.

The record shows that on May 10, 1929, the city of Lubbock determined the necessity for paving Nineteenth street and assessed a portion of the cost thereof against the lot in controversy and the owner, J. B. Morrissett; that the city contracted with the Panhandle Construction Company to. pave the street; the paving was completed according to contract, accepted by the city, and an assignable certificate issued to the contractor containing all provisions and stipulations necessary to constitute the certificate prima facie evidence that the legal prerequisites had been complied with to fix a valid lien on the property to secure its pro rata part of the cost of the paving.

The Continental Southland Savings & Loan Association among other things, claims that on May 10, 1929, the date when the assessment lien was fixed, the property was the homestead of J. B. Morrissett and family, and that by reason thereof the purported paving lien was void.

In response to special issues submitted, the jury found in effect that J. B. Morrissett and his family moved to and occupied the premises in question prior to May 10, 1929, and that a reasonable attorney's fee for the prosecution of this suit by appellant's lawyer was the sum of $75.

On these findings the court entered judgment against J. B. Morrissett in favor of the Panhandle Construction Company, which, including interest and attorney's fees, amounted to $374.33, but adjudged null and void the paving lien against the property.

In his assignments the appellant contends that the court erred in refusing, at its re-

Robt. A. Sowder, of Lubbock, for appellant.

McWhorter & Howard, of Lubbock, for appellees.

quest, to direct a verdict in its behalf and in adjudging its lien to be void because there is no testimony of any probative force to support the finding of the jury that Mr. Morrissett and his family were occupying the premises in controversy prior to May 10, 1929.

J. B. Morrissett and his family did move to and occupy the premises in controversy, and it is conceded by appellant that on the date of such occupancy the intention was to make the property the homestead of the family.

Mr. Morrissett owned and occupied with his family property located at No. 2217 on Twenty-Seventh street in Lubbock, which had been their homestead for approximately two years prior to their occupancy of the property in controversy, located at No. 1620 on Nineteenth street. The last-named property Mr. Morrissett had owned since 1928, but it had been occupied by a tenant, C. Fred Litton. Mr. Morrissett contracted to sell the home at 2,217 some time in March or April, 1929, and decided about April 1st to move to No. 1620 on Nineteenth street and notified his tenant to vacate the premises, which he did on May 7, 1929. About May 1st Mr. Morrissett moved some scrap lumber and junk to No. 1620, but at that time he and his family were still occupying the property at 2217 on Twenty-Seventh street. The testimony and the records of the city show that Mr. Litton had the water, lights, and gas disconnected from the premises at No. 1620 on May 7th, the day he moved out; that two days later Mr. Morrissett had the water reconnected and did some cleaning and floor varnishing; that on May 8th, acting for the electric company, for whom he worked, Morrissett checked Mr. Litton out, but it is not shown when the company began furnishing current to the premises for Mr. Morrissett. He was one of the employees of the company and was furnished current without charge, and he and his family used electricity for light, heat, and cooking. The gas was not connected with the premises at 1620 on Nineteenth street until May 27th; the water at 2217 on Twenty-Seventh street was in the name of Mr. Morrissett until May 18, 1929, when his water account was. closed, and·on June 1st, thereafter, a new account for said premises was opened in the name of Roy Privett.

▮ Mr. Morrissett made an executory contract to sell his homestead at 2217, and thereafter, about April 1st, decided to move to the property in controversy; notified his tenant to vacate, and about May 1st. placed some junk on said premises. The appellant admitted, in effect, that from and after the date on which Mr. Morrissett and his family moved to and occupied the property at 1620 it constituted their homestead. However, this testimony and admission did not show that the homestead at 2217 had been abandoned and a new one acquired at 1620 on May 10th.

▮ Any contract for the sale of the old homestead by Mr. Morrissett was executory, and as held in Staten et al. v. Harris et al. (Tex.Civ.App.) 239 S.W. 334, 336, did not constitute an enforceable sale of the homestead, nor "amount to a sale of any character whereby a right could be asserted superior to the then existing homestead rights of appellants, but left the title and ownership in and possession of said property with appellees, which condition could not have been disturbed," as it was "entirely optional with appellants whether or not they would carry out the executory contract by the execution of an absolute deed of conveyance."

In Grimes v. Cline (Tex.Civ.App.) 300 S.W. 235, 236, the court holds:

"That, once acquired, a homestead can be abandoned in no other way than by moving from the premises with the intent to abandon same as a home. Powers v. Palmer, 36 Tex.Civ.App. 212, 81 S.W. 817; Pierce v. Langston (Tex.Civ.App.) 193 S.W. 745; Sharp v. Johnston (Tex.Sup.) 19 S.W. 259; Bayless v. Guthrie (Tex. Com.App.) 235 S.W. 843; Staten v. Harris (Tex.Civ.App.) 239 S.W. 334; Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com.App.) 254 S.W. 935.

"That a family cannot have more than one residence homestead at one and the same time. Johnston v. Martin, 81 Tex. 18, 16 S.W. 550; Pierce v. Langston (Tex. Civ.App.) 193 S.W. 745."

This language is quoted with approval in Evans et ux. v. Galbraith-Foxworth Lumber Co. et al. (Tex.Civ.App.) 51 .S.W. 2d 831.

▮ Since the appellee, in order to defeat appellant's paving lien, relied on the homestead rights of Mr. Morrissett, the burden was on it to show not only his intention to establish his homestead at 1620, but to prove that he with his family occupied the property in suit on May 10, 1929.

It appears without controversy that on the date Mr. Litton vacated the premises at 1620, May 7th, he had the water, lights, and gas disconnected. No witness testified that Mr. Morrissett and his family occupied said premises on May 10, 1929. He refused to say that such premises were so occupied on or prior to the 9th, 10th or 11th of May, stating unequivocally that he did not know the date. The circumstances relied on to establish that he did occupy the premises on May 10th are taken from the records of the city of Lubbock showing when and to whom water and gas were furnished, and the records of the Texas Utilities Company showing when and to whom electric current was furnished.

The facts revealed by such records are not questioned, but are circumstances which, in order to sustain the verdict, must, when considered together, be sufficient to produce not a mere probability or speculative conclusion, but a reasonably certain conviction of the existence of the main fact—the occupancy of the premises on May 10th, by Morrissett and his family. Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669; Barker v. Heaney et al. (Tex.Civ.App.) 82 S.W.2d 417.

The city records disclose that Mr. Morrissett had the water reconnected with said premises on the 9th of May, but did not have the gas connected therewith until the 27th of May; that his water account for the premises at 2217 was not closed until May 18th, and that the water at said premises was reconnected on June 1st for Mr. Privett. The records of the electric company disclose that the account of the tenant, Mr. Litton, for current was closed on the 8th, but, if such records reveal when the current was reconnected with the premises for the benefit of Mr. Morrissett, such records were not introduced in evidence. The facts taken from the records are circumstances of equal degree and probative force. An analysis thereof discloses that the only circumstance tending to prove the occupancy of the premises on or prior to May 10th is the fact that Morrissett had the water reconnected on May 9th, but this is explained by his testimony that he did some house cleaning and floor varnishing at 1620 before he moved. Not only is this one circumstance explained, but any probative force it may have had was overcome by the other circumstantial evidence in the record. Barker v. Heaney et al., supra.

In a former appeal, reported in 77 S.W. 2d 896, we held that neither party was entitled to a directed verdict because of insufficiency of testimony. The evidence in the record before us now is not the same as it was on the former appeal, and we think appellant was entitled to a directed verdict for the reason that the evidence does not warrant the finding that Mr. Morrissett and his family occupied the premises at 1620, prior to May 10, 1929. After the verdict was returned, the appellant filed a motion for judgment non obstante veredicto, which was overruled in a decree reciting that the motion of plaintiff for judgment non obstante veredicto came on to be heard; that due notice of such motion was given, the parties appeared, a hearing was had, and the motion overruled.

The court, having refused to direct a verdict in appellant's behalf, should have granted its motion for a verdict non obstante veredicto. Article 2211, R.C.S., as amended by Acts 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211); Stallings v. Federal Underwriters Exchange (Tex.Civ. App.) 108 S.W.2d 449, and authorities cited.

The appellant's assignment urging the insufficiency of the evidence to support the amount of the attorneys' fees allowed is overruled. American National Insurance Co. v. McKellar (Tex.Civ.App.) 295 S.W. 628; Ex parte Hodges (Tex. Sup.) 109 S.W.2d 964 (not yet published [in State report]).

The decree of the trial court canceling appellant's paving lien on the lot in controversy is reversed and judgment here rendered foreclosing said lien on such property, but in all other matters is affirmed.