**BASS et ux. v. WARE.**
**No. 2725.**

Court of Civil Appeals of Texas. Waco.
June 26, 1947.

Rehearing Denied July 17, 1947.

D. L. Whitehurst and John C. Read, both of Dallas, for appellants.

W. M. Pierson and B. M. Bates, both of Dallas, for appellee.

TIREY, Justice.

V. L. Ware brought this suit in the district court of Dallas County against E. F. Bass and wife for specific performance of a written contract wherein the defendants agreed to convey to plaintiff two lots in the City of Dallas located at the corner of Vanderbilt and Norris Streets, fronting 100 feet on Vanderbilt Street and 150 feet on Norris Street, including the unfinished house and materials on the lot, and plaintiff bound himself to pay the sum of $3250 for said property and tendered said sum into court. Pertinent to this discussion defendants sought to avoid performance on the contract on the ground that the property was their homestead at the time the sales contract was executed.

The court submitted only one issue to the jury, namely: "Do you find from a preponderance of the evidence that on the date of the contract of sale between plaintiff Ware and defendants Bass, the property involved therein was the homestead of the defendants?" The jury, after considering the court's charge, was unable to reach a verdict and so reported to the court and the court thereupon withdrew the case from the jury and announced to counsel for all parties that there were no issues to be submitted to the jury and invited all parties to file motions for judgment. Upon consideration of said motions the court denied defendants' motion and granted plaintiff's motion for judgment and accordingly entered judgment in favor of plaintiff to the effect that defendants Bass and wife were ordered to execute general warranty deed

to the property to the plaintiff and that plaintiff should pay to defendants the consideration of $3250, provided for in the contract in suit. Defendants Bass have appealed. This action of the court is assailed.

 The question arises, does the evidence adduced clearly and unequivocally show as a matter of law that the property in question was not the homestead of the defendants at the time the sales contract was entered into? Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209, point page 212. In passing upon this question it is our duty to disregard all conflicts in the testimony; to consider the evidence adduced in the case in the light most favorable to defendants, and to indulge in their favor every intendment reasonably deducible from the evidence. When the facts are controverted, or such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only when the evidence is harmonious and consistent, and circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. James v. Missouri-Kansas-Texas Ry. Co., Tex.Civ.App., 182 S.W.2d 921, 922 (writ ref.). The sales contract in suit was executed on the 27th of September, 1944. Defendant Bass and his wife testified in their own behalf substantially to the effect that in July, 1944, they bought the vacant lots in suit for the purpose of building a house on the property to be used as their homestead; that about 1936 they bought a house on the Centennial grounds in Dallas and dismantled it and stored the lumber for the purpose of building their home on the property in question; that at the time the sales contract was executed with plaintiff, the house on the property was about 70% completed. They further testified to the effect that they bought a home on South Fitzhugh Street in the City of Dallas in 1921 and immediately moved into that property and occupied it as a homestead for about ten years. They then moved over to a place on South Haskell Street in the City of Dallas which they have owned and occupied as their homestead since that time. It is true that after the filing of this suit by the plaintiff, and after the first trial of the cause in Judge Rawlins' court (which resulted in a hung jury), and before this trial before judge Hughes, the defendants moved (August 3, 1946) into the property in question and were occupying the same and claiming it as their homestead.

 The evidence in this cause is without dispute that the homestead of defendants Bass was on South Haskell at the time they entered into the sales contract with Ware, and that the Haskell property had been their homestead for some years. It is well settled that defendants could not divest the Haskell Street property of its homestead character by an intention to abandon it at some future time, even though that intention was evidenced by the fact that they had commenced to improve the property in controversy with intent to use the improved property as their homestead when it was completed. This doctrine was announced by our Supreme Court almost sixty years ago in Archibald v. Jacobs et ux., 69 Tex. 248, 6 S.W. 177, 178. Mr. Justice Stayton, in discussing a factual situation analagous to the case at bar, said: "There can be no doubt that the property on which they resided at the time the assignment was made was the residence homestead protected from forced sale; and they could not divest it of that character by an intention to abandon it at some future time, even though that intention was evidenced by the fact that they had commenced to improve the property in controversy with intent to use a part of it as a residence when it might be completed. Abandonment of property actually homestead cannot be accomplished by mere intention. There must be a discontinuance of the use, coupled with an intention not again to use as a home, to constitute abandonment; and without an abandonment of an existing homestead, no right can exist to fix that character to another property, unless it be by way of addition to the existing homestead."

In O'Brien v. Woeltz, 94 Tex. 148, 58 S.W. 943, 945, 86 Am.St.Rep. 829, the Supreme Court said: "Intention cannot secure a homestead right without some act accompanying that intention which attaches to the property. While occupying a piece of property as his homestead, a man cannot, by intention to use it in the future, establish

a homestead right in another place." Our Supreme Court has never departed from the rule of law here announced. Carstens v. Landrum, Tex.Com.App., 17 S.W.2d 803, point page 805.

■ Our view. is that defendants' evidence wholly failed to raise a jury question and the trial court's action in withdrawing the case from the jury and decreeing judgment in favor of the plaintiff must be sustained.

We have carefully considered each of the other ten points of error assigned, and find that they are without merit, and each is overruled.

The judgment of the trial court is affirmed.